IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-07-43-RAW |
| | ) | |
| STEVEN R. PHIPPS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the court are the motions of the defendant for writ of mandamus and for furlough. This matter came on for hearing on November 12, 2009. At the conclusion of the hearing the court denied the pending motions. This order briefly memorializes the rulings, which are described in detail in the court's findings on the record.

A writ of mandamus is an extraordinary remedy, which will only issue upon a showing that (1) that petitioner has a clear right to the relief sought, (2) that the respondent has a plainly defined and peremptory duty to do the action in question and (3) that no other adequate remedy is available. *In re McCarthey,* 368 F.3d 1266, 1268 (10th Cir.2004)[1].

Based upon the evidence presented, the court denies the motion primarily because no evidence was presented of a probability of substantial harm to petitioner's organs over the remaining months of petitioner's incarceration. Thus, the court finds that this case falls within

---

[1] In the motion for writ, petitioner asks the court to (1) compel the physicians at FMC Lexington to administer to petitioner the medication required [human chorionic gonadotropin (hCG)] to treat his rare medical condition or (2) recommend that petitioner be relocated to a community corrections center where he can receive the medical treatment his condition requires.

the rule that a prisoner's difference of opinion with the prison's medical staff does not give rise to a constitutional violation. *See Johnson v. Stephan,* 6 F.3d 691, 692 (10th Cir.1993); *see also Callahan v. Poppell,* 471 F.3d 1155, 1160 (10th Cir.2006)(decisions such as a preferred course of treatment are based on medical judgment and are outside of the Eighth Amendment's scope)[2]. Accordingly, petitioner has failed as to the first and second elements[3].

Respondent also seeks dismissal on the ground that petitioner has failed to exhaust his administrative remedies. Such exhaustion is required under the Prison Litigation Reform Act, even as to a petition for writ of mandamus. *See Simmat v. United States Bureau of Prisons,* 413 F.3d 1225 (10th Cir.2005). The exhaustion requirement is mandatory, but it is not jurisdictional. *See Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1208 (10th Cir.2003). Therefore, it was not inappropriate for the hearing to proceed.

In finding this requirement satisfied, the court orally used the phrase "substantial compliance." The court is aware that "[t]o exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary,* 511 F.3d 1109, 1113 (10th Cir.2007). The court, however, cannot ignore that the petitioner, represented by counsel, actually undertook a process of

---

[2] The court did not dismiss on this ground at the pleading stage because there is authority that a factual issue may exist when the prison staff ignores the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. *See Hamilton v. Endell,* 981 F.2d 1062, 1067 (9th Cir.1992); *White v. Napoleon,* 897 F.2d 103, 106-10 (3rd Cir.1990).

[3] The court does not agree with respondent's argument as to the third element, namely that this action should have been brought under 28 U.S.C. §2241 in the district of incarceration. Actions under §2241 are unlike "condition of confinement" lawsuits. *See McIntosh v. U.S. Parole Comm.,* 115 F.3d 809, 811 (10th Cir.1997).

supplication "above and beyond" and <u>superior</u> to the established process. Through the multiple letters and phone calls of his attorney, petitioner was <u>more</u> thorough in seeking relief than a pro se plaintiff would be in the usual case, not involving the medical exigencies that this case does.

Regarding the alternate relief requested in the motion for writ, a district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir.1997). A request for mandamus to modify a sentence to home confinement was denied in *In re Morris,* 2009 WL 2952141 (3rd Cir.2009). The court said the Bureau of Prisons has in place an administrative remedy program as well as procedures for requesting compassionate release and criteria for home confinement.

Finally, as to the motion for furlough, petitioner has cited no authority (apart from the venerable All Writs Act, 28 U.S.C. §1651) for such a decision. The court denies that motion without prejudice.

It is the order of the court that the motion of the defendant (#29) for writ of mandamus is hereby DENIED. The motion of the defendant for furlough (#47) is hereby DENIED without prejudice to re-urging upon presentation of authority.

**ORDERED THIS 13th DAY OF NOVEMBER, 2009.**

**Dated this 13th Day of November 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

3

j4h4i0